IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER M. TURUCK, )
　)
　　　Plaintiff, )
　)
　-vs- ) Civil Action No. 16-1519
　)
　)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
　)
　　　Defendant. )

AMBROSE, Senior District Judge

# OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

**I.　BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since December 8, 2012. (ECF No. 8-7, pp. 2, 4). Administrative Law Judge ("ALJ"), William J. Bezego, held a hearing on April 30, 2015. (ECF No. 8-3). On June 19, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 27-37).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

## II.     LEGAL ANALYSIS

### A.     Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Weighing Medical</u>

Plaintiff submits that the ALJ erred by failing to properly assess the medical evidence of record. (ECF No. 11, pp. 4-17). In support of the same, Plaintiff begins by arguing that there is evidence of record to support her claim for disability. (ECF No. 11, pp. 4-13). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced.

Plaintiff next suggests that the ALJ erred in failing to adequately explain his reason for discounting the opinion of Terri Sharo, PMHNP, regarding Plaintiff's affective and anxiety disorders. (ECF No. 11, pp. 13-14; No. 8-28, pp. 29-32). A nurse practitioner is not "an acceptable medical source" in assessing a claimant's disability but, rather, is considered an "other source." SSR 06-03p. Therefore, a nurse practitioner's opinions cannot establish the

3

existence of a medically determinable impairment. SSR 06-03p; *Chandler v. Comm'er of S.S.*, 677 F.3d 356, 361-362 (3d Cir. 2011); *see, Hartranft v. Apfel,* 181 F.3d 358, 361 (3d Cir. 1999); see also, SSR 06-03p; 20 C.F. R. §416.913(a) and §404.1513(a), (e). Social Security Ruling 06-03p provides, however, that an ALJ will consider evidence from such "other sources" in determining whether a disability exists as they may provide insight into the severity of the impairment and the ability of the individual to function. As such, an ALJ should weigh this evidence with the rest of the evidence using the same factors, including: how long the source has known and how frequently the source has seen the individual; how consistent the opinion is with other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the source explains the opinion; whether the source has a specialty or area of expertise related to the individual's impairment; and, any other factor that tends to support or refute the opinion. *Id.*

Based on the same, the ALJ appropriately considered Ms. Sharo's opinion. (ECF No. 8-2, p. 34). The ALJ gave little weight to Ms. Sharo's opinion that Plaintiff meets listing 12.04 and 12.06, because it was in a check box form that was "conclusory and not well-supported by medically acceptable clinical and laboratory diagnostic techniques. Moreover, NP Sharo is not an acceptable medical source under 20 CFR 404.913(a), 416.913(a) (sic), so her opinion is not to be weighed as a 'medical' opinion." (ECF No. 8-2, p. 34). After a review of the record, I find the reasons stated by the ALJ for assigning little weight to Ms. Sharo's checked box form to be supported by substantial evidence of record. *See, Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."); *Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999) (An ALJ can provide more or less weight to the diagnosis depending upon supporting explanations and consistency with other substantial evidence of record). Based on the same, I find no error in this regard on the part of the ALJ.

4

Similarly, Plaintiff argues that the ALJ erred in failing to adequately explain his reason for discounting the opinion of Kristen Manuel, PA-C, regarding Plaintiff's overactive bladder condition. (ECF No. 11, pp. 14; No. 8-27, p. 24). The ALJ rejected PA-C Manuel's checkbox form regarding Plaintiff's bladder condition stating "PAC Manuel's statement was made in response to a written question, apparently drafted by the claimant's attorney, who phrased it in a very leading fashion, and it is wholly unsupported by the medical evidence." (ECF No. 8-2, p. 34). After a review of the record, I find the reasons stated by the ALJ for rejecting Ms. Manuel's checked box form to be supported by substantial evidence of record. *See, Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."); *Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999) (An ALJ can provide more or less weight to the diagnosis depending upon supporting explanations and consistency with other substantial evidence of record). Based on the same, I find no error in this regard on the part of the ALJ.

Plaintiff next argues that "[e]ven though Dr. Holguin did not find that the claimant met Listing 3.03 – asthma, his records reflect that she suffers from a severe lung condition." (ECF No. 11, p. 14). To that end, Plaintiff submits that the records establish that she has a "severe lung condition that support(s) the disabling limitations of which the claimant testified." (ECF No. 11, p. 15). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). It is a Plaintiff's burden, however, to show that his impairment matches a listing or is equal in severity to a listed impairment. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992).

5

In this case, the ALJ found that Plaintiff's asthma was a severe impairment. (ECF No. 8-2, p. 29. Then, the ALJ went on to discuss whether Plaintiff's asthma met or medically equaled the criteria of listing 3.03, *Asthma.* (ECF No. 8-3, p. 30). The ALJ found that Plaintiff failed to meet or equal the listing because:

> [T]esting was not conducted as set forth in 3.00E so as to establish a respiratory impairment satisfying the requirements of 3.02, e.g., there is no indication in the January 30, 2015, report that were at least three satisfactory forced expiratory maneuvers, two of which were reproducible for both pre-bronchodilator tests and post-bronchodilator tests; and there is no indication that spirometry was repeated after administration of an aerosolized bronchodilator.
>
> Subsequent records from the claimant's treating pulmonary specialist, Dr. Holguin, confirmed that the requirements of the listing in Appendix 1 are not satisfied, and that the 1.20 FEV1 value achieved during the January 30, 2015 testing was not an accurate assessment of the claimant's respiratory impairment. A February 27, 2015 entry stated explicitly that "…patient wants Dr. Holguin to list criteria that declare her totally disabled based on her asthma. She does not meet the criteria that she gave us. Her FEV1 is more than 1.25 liters; she has not had an asthma attack every two months or six times a year or more than three episodic visits to the emergency room, hospital or equivalent for her asthma. Pt notified" (Exh. 28F/2). At the hearing, the claimant testified that she has only had to go to the emergency room on one occasion for her asthma (besides the variety of other complaints she had). Therefore, the claimant's asthma does not meet listing 3.03.

(ECF No. 8-2, p. 30). After a review of the evidence, I find the ALJ's determination and explanation is sufficient such that I can make a proper and meaningful review. Moreover, I find the ALJ's opinion is supported by substantial evidence. (ECF No. 8-2, pp. 27-37). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

### C. <u>Credibility</u>

Plaintiff's final argument is that the ALJ erred in assessing her credibility. (ECF No. 11, pp. 17-19). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. In evaluating

whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §416.929(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 8-2, pp. 27-37). Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §416.929 and SSR 96-7p. Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible. *Id.* Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER M. TURUCK,  )
        Plaintiff,  )
  -vs-  )  Civil Action No. 16-1519
   )
NANCY A. BERRYHILL,[2]  )
COMMISSIONER OF SOCIAL SECURITY,  )
        Defendant.  )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 13th day of October, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[2] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.